UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GARY KAMMEYER and CHERIE KAMMEYER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:23 CV 107 ) |
| THOR MOTOR COACH, INC. and FREIGHTLINER CUSTOM CHASSIS CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION and ORDER**

This matter is before the court on defendant Freightliner Custom Chassis Corporation's ("FCCC") motion to dismiss. (DE # 13.) For the reasons that follow, the motion is denied.

**I.    BACKGROUND**

Plaintiffs Gary Kammeyer and Cherie Kammeyer bring this breach of warranty case against defendants FCCC and Thor Motor Coach, Inc., in relation to their purchase of an allegedly defective RV. (DE # 1.) Plaintiffs' complaint alleges that FCCC provided plaintiffs with a three-year or 50,000 mile written warranty, that covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.[1] (DE # 1 at 2.) Plaintiffs allege that, when delivered, the RV was defective in materials and workmanship, and that they attempted repairs during

---

[1] The complaint states that FCCC's warranty was attached as an exhibit; however, only Thor Motor Coach's warranty is attached.

the warranty period. (*Id.* at 3.) Plaintiffs allege that defendants have failed to repair the RV so as to bring it into conformity with defendants' warranties. (*Id.* at 4.)

Plaintiffs' complaint alleges breach of warranty under state law and violation of the Magnuson Moss Warranty Act (MMWA). (DE # 1.) Presently before the court is FCCC's motion to dismiss. FCCC argues that plaintiffs' complaint fails to state any claim against FCCC. (DE # 14 at 4.) Plaintiffs did not respond to FCCC's motion and the time to do so has now passed. This matter is ripe for ruling.

## II.   LEGAL STANDARD

Defendant moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. DISCUSSION

FCCC first argues that plaintiffs' complaint fails to allege any facts connecting an FCCC product to the RV. (DE # 14 at 4.) This argument fails, as the complaint alleges that FCCC provided a written warranty pertaining to the RV.

FCCC also argues that the complaint fails to specify which defects are attributable to FCCC, as opposed to its co-defendant. (*Id.*) However, plaintiffs are not required to plead with such specificity. The complaint alleges that FCCC provided a warranty, that there were defects covered by the warranty, that FCCC failed to comply with the terms of the warranty, and as a result plaintiffs were harmed. This is sufficient

at this stage of the proceedings. *See Zylstra v. DRV, LLC*, 8 F.4th 597, 601 (7th Cir.), *cert. denied*, 142 S. Ct. 716 (2021) (identifying elements of claim).

FCCC next argues that the complaint fails to allege whether pre-suit notice was provided to FCCC regarding the alleged defects, whether requests were made to FCCC to repair or replace the defective parts, or whether FCCC had an opportunity to repair the defects. (DE # 14 at 4.) Pursuant to Indiana Code § 26-1-2-607(3)(a), "the buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy[.]" "Notice of breach is a condition precedent to recovery for breach, and notice must be alleged in the complaint." *Advantage Eng'g, Inc. v. Burks Pumps, Inc.*, 28 F.3d 1216 (7th Cir. 1994) (unpublished); *see also Courtesy Enterprises, Inc. v. Richards Lab'ys*, 457 N.E.2d 572, 579 (Ind. Ct. App. 1983); *Thompson Farms, Inc. v. Corno Feed Prod., Div. of Nat. Oats Co.*, 173 Ind. App. 682, 706, 366 N.E.2d 3, 17 (1977); *Wayne Mfg., LLC v. Cold Headed Fasteners & Assemblies Inc.*, No. 1:21-CV-00290-HAB, 2023 WL 6290576, at *9 (N.D. Ind. Sept. 26, 2023). Federal Rule of Civil Procedure 9(c) provides: "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."

Plaintiffs' complaint alleges that plaintiffs "directly notified Defendants of the defective conditions of the Vehicle on numerous occasions and that they desired a buy-back of the Subject Vehicle, wherein Defendants failed and refused to buy back Plaintiffs' defective Vehicle and to reimburse Plaintiffs pursuant to their rights under

4

State and Federal Laws." (DE # 1 at 4.) These allegations satisfy the Rule 9(c) standard with regard to pleading notice to FCCC.

FCCC also argues that plaintiffs' complaint fails to allege that plaintiffs provided FCCC with an opportunity to cure. (DE # 14 at 7.) First, unlike providing notice of a defect, an opportunity to cure is not a condition precedent to recovery, and a plaintiff is not required to plead in his complaint that he offered the defendant an opportunity to cure. *Aamco Transmission v. Air Sys., Inc.*, 459 N.E.2d 1215, 1217 (Ind. Ct. App. 1984). Second, plaintiffs *have* alleged that they provided FCCC an opportunity to cure. Plaintiffs' complaint alleges: "[d]espite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed upon them by Defendants, Defendants have failed and refused to cure any defects and non-conformity with the Subject Vehicle." (DE # 1 at 6.) Accordingly, FCCC has not established that dismissal of plaintiffs' state law claim is warranted.

Finally, FCCC argues that plaintiffs' claim under the MMWA fails for the same reasons it argued the state law claim should fail. (DE # 14 at 8-9.) The MMWA creates a federal cause of action for any "consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the statute], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). "The MMWA depends on the existence of an underlying viable state-law warranty claim, and so the two claims can be evaluated together and succeed or fail together." *Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir.), *cert. denied*, 142 S. Ct. 716

5

(2021). For the same reasons articulated above, the court rejects FCCC's motion to dismiss plaintiffs' MMWA claim.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** defendant Freightliner Custom Chassis Corporation's motion to dismiss. (DE # 13.) Defendant's motion requesting ruling is **DENIED as moot**. (DE # 15.)

**SO ORDERED.**

Date: December 6, 2023

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT